‰JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DE LAGE LANDEN FINANCIAL SERVICES INC.

**DEFENDANTS**
DADE MEDICAL COLLEGE, INC.

(b) County of Residence of First Listed Plaintiff  **Chester County, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Miami-Dade County, FL**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew Faranda-Diedrich, Esquire /DIL WORTH PAXSON LLP,
1500 Market Street, Suite 3500E, Phila, PA 19102 (215) 575-7000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC Section 1332**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE                    DOCKET NUMBER

DATE
08/19/2014

SIGNATURE OF ATTORNEY OF RECORD
Matthew Faranda-Diedrich

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                       Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., : | |
| Plaintiff, : | |
| vs. : | C.A. NO. |
| DADE MEDICAL COLLEGE, INC. : | |
| Defendant. : | |

---

## COMPLAINT

Plaintiff, De Lage Landen Financial Services, Inc. ("Plaintiff" or "DLL"), by and through its counsel, Dilworth Paxson LLP, hereby files this Complaint against Defendant, Dade Medical College, Inc. ("Defendant" or "Dade Medical College") to recover damages for the Defendant's breach of agreement entered into between the parties and in support thereof alleges the following:

### THE PARTIES

1.      Plaintiff is a corporation organized under the laws of the State of Michigan with a place of business located at 1111 Old Eagle School Road, Wayne, Treddyfrin Township, Chester County, Pennsylvania, 19087.

2.      Upon information and belief, Dade Medical College is a corporation or partnership formed under the laws of the State of Florida  with a principal place of business located at 3401 NW 7th Street, Miami, FL  33125, and/or 95 Merrick Way, Suite 700, Coral Gables, FL  33134; and/or 5875 NW 163rd Street, Miami Lakes, FL  33014.

117469711_1

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.     Venue is proper in the Eastern District of Pennsylvania by virtue of 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred in the Eastern District of Pennsylvania.

5.     Additionally, the parties entered into an agreement providing for *in personam* jurisdiction in Pennsylvania and venue in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

## EQUIPMENT LEASE AGREEMENT NO. 25198172

6.     On or around September 21, 2012, DLL and Dade Medical College entered into Equipment Lease Agreement No. 25198172 (the "Lease").  A true and correct copy of the Lease is attached hereto as Exhibit "A".

7.     Pursuant to the Lease, DLL agreed to lease to Dade Medical College  the equipment more particularly described in the Lease (the "Equipment").

8.     Pursuant to Lease, Dade Medical College agreed to make sixty (60) monthly payments of $2,470.00 excluding applicable taxes and fees.

9.     Paragraph 2 of the Lease states that, "YOUR obligation to pay the Lease Payments and your other Lease obligations are absolute and unconditional and are not subject to cancellation, reduction, setoff or counterclaim."

10.     For some time after the execution of the Lease, Dade Medical College made the required monthly payments to Plaintiff.

117469711_1

11.     Beginning in April of 2014, however, Dade Medical College failed to pay any of the payments when due under the Lease.

12.     Under paragraph 14 of the Lease, Dade Medical College is considered in default for failing to make lease payments when due.

13.     Upon such default, pursuant to paragraph 15 of the Lease, the balance of all unpaid payments for the full lease term are immediately due and payable together with all past due sums, along with attorneys' fees and costs of suit.

14.     On August 6, 2014, a letter was sent to Dade Medical College, as lessee, demanding that it pay the amounts due under the Lease.  A copy of the August 6, 2014 letter is attached hereto as Exhibit "B".

## COUNT I –BREACH OF CONTRACT

15.     Plaintiff repeats the foregoing paragraphs as if more fully set forth at length herein.

16.     Dade Medical College was obligated by the terms of the Lease(s) to make timely monthly payments to Plaintiff.

17.     Dade Medical College failed to make these payments when due and therefore breached the terms of the Lease(s).

18.     Plaintiff has suffered damages as a result of such breach, the value of which as of the date hereof is $94,620.02 excluding interest, court costs and attorneys' fees.

WHEREFORE, Plaintiff hereby demands judgment against Defendant Dade Medical College, Inc. for the following relief:

(a)     compensatory damages;

(b)     prejudgment interest thereon;

3

(c)     attorneys' fees and cost of suit; and

(d)     for such other and further relief that the Court deems equitable and just under the circumstances.

## COUNT II - UNJUST ENRICHMENT

19.     Plaintiff repeats the foregoing paragraphs as if more fully set forth at length herein.

20.     Dade Medical College has had use of the Equipment at all times relevant hereto.

21.     Allowing Dade Medical College to retain the Equipment without paying for same would result in an unjust enrichment to Dade Medical College in the sum of $94,620.02.

WHEREFORE, Plaintiff hereby demands judgment against Defendant Dade Medical College, Inc. for the following relief:

(a)     compensatory damages;

(b)     prejudgment interest thereon; and

(c)     for such other and further relief that the Court deems equitable and just under the circumstances.

/s/ Matthew Faranda-Diedrich
Matthew Faranda-Diedrich, Esquire
PA Id. No.: 203541
**DILWORTH PAXSON LLP**
1500 Market Street
Suite 3500E
Philadelphia, PA 19102
(215) 575-7000 - telephone
(215) 575-7200 - facsimile
Attorney for Plaintiff, De Lage Landen
Financial Services, Inc.

Dated:  August 19, 2014

4

# Exhibit A

2 5198172

 de lage landen

partners in finance

**Lease Agreement**
PHONE (800) 275 1415
FACSIMILE (800) 743 0177

**LESSEE:**

| Full Legal Name | | | | Phone Number |
|---|---|---|---|---|
| DADE MEDICAL COLLEGE INC | | | | (305) -64 4 1171 EXT 2012 |
| DBA Name (if any) | | | | Purchase Order Requisition Number |
| Billing Address | City | State | Zip | Send Invoice to Attention of |
| 3401 NW 7TH STREET | MIAMI | FL | 33125 | |

**EQUIPMENT INFORMATION:**

| Equipment Make | Serial Number | Description (Attach Separate Schedule if Necessary) |
|---|---|---|
| | | One (1) Hologic Selenia w/ Cad preowned program including all attachments and accessories |
| | | One (1) Accessory Cabinet |
| | | One (1) Mammographic Accreditation Phantom including all attachments and accessories |

| Equipment Location (if not same as above) | City | State | Zip |
|---|---|---|---|
| 5875 NW 163rd Street | Miami Lakes | FL | 33014 |

**PAYMENT INFORMATION:**

| Number of Lease Payments | Lease Payment | (PLUS) | Sales Tax | (EQUALS) | Total Lease Payment |
|---|---|---|---|---|---|
| 60 | 2470 00 | + | | = | 2470 00 |
| | | + | | = | |
| | | + | | = | |
| | | + | | = | |

| Term of Lease in Months | Payment Frequency | | End of Lease Purchase Option |
|---|---|---|---|
| 60 | ☑ Monthly  ☐ Quarterly  ☐ Other | | ☐ FMV  ☐ 10%  ☑ $1  ☐ Other |
| | End of Lease Purchase Option shall be FMV unless another option is selected | | |

| Security Deposit | (PLUS) | First Payment Period | (PLUS) | Other | (EQUALS) | Total Payment Enclosed |
|---|---|---|---|---|---|---|
| | | | | | | $0 00 |

**ACCEPTANCE:**

You acknowledge that the Equipment shown above has been received, has been put in use, is in good working order and is satisfactory and acceptable.

| Signature | Date |
|---|---|
| | |
| Print Name | |
| Title | |

Legal Name of Corporation or Partnership
DADE MEDICAL COLLEGE INC

**GUARANTY:**

I hereby personally guaranty prompt payment of all of the Lessee's obligations. The Lessor is not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against me. I waive notice of acceptance and all other notices and demands of any kind to which I may be entitled. I consent to any extension or modification granted to the Lessee and the release of any components of any obligations of the Lessee or any other obligations without releasing me from liability. This is a continuing guaranty and will remain in effect in the event of my death and may be enforced by or for the benefit of any assignee or successor of the Lessor. This guaranty is governed by and constituted in accordance with the laws of the Commonwealth of Pennsylvania and I consent to non exclusive jurisdiction personal or otherwise, in any state or federal court in Pennsylvania. I also waive my right to a trial by jury.

| Signature | Date |
|---|---|
| | |
| Print Name | |

**LESSEE SIGNATURE:**

You acknowledge the Terms and Conditions contained on both pages of this Lease and any attachments to same (together which are included by reference) and become part of this Lease. You agree you have read and agree to all the Terms and Conditions and understand that this is a non-cancelable Lease for the full term shown above.

You acknowledge that the leased equipment is ☐ NEW  ☐ USED

Signature _Ernesto A. Perez_

Print Name  Ernesto A. Perez

Title  President & CEO
Dade Medical College, Inc.

Legal Name of Corporation or Partnership
DADE MEDICAL COLLEGE INC

(AGREEMENT MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

**LESSOR:**

Lessor Signature  _L Benedetto_   Date  9/21/12

Print Name

Title  CIS III

For  DE LAGE LANDEN FINANCIAL SERVICES, INC

Lease Number

Lease Commencement Date

# TERMS & CONDITIONS

Please read YOUR copy of this Lease carefully and feel free to ask US any questions YOU may have about it. Words "YOU" and "YOUR" refer to the Lessee and the words WE, US and OUR refer to De Lage Landen Financial Services, Inc. the "Lessor" or "we".

1   LEASE WE agree to lease to YOU and YOU agree to lease from US the Equipment listed on Page 1 of this Lease (and on any attached schedule) including all replacement parts repairs additions and accessories ("Equipment") on the terms and conditions set forth in this Lease and on any attached schedule. In order to maintain OUR rate of return, YOU authorize US to adjust the Lease Payments by not more than fifteen percent (15%) if the cost of the Equipment or taxes is more or less than the supplier's estimate. Further WE may adjust the Lease Payments set forth herein in an amount proportionate to any increase (from the date WE calculated YOUR Lease Payments to the date WE countersign the Lease) in the interpolated like-term Interest Rate Swap as quoted by the Federal Reserve at http://www.federalreserve.gov/releases/H15/update/h15upd.htm

2   TERM This goes into effect and the term of this Lease begins when it is signed and accepted by US (the "Commencement Date"). The first Lease Payment is due on this date WE accept the Lease or any later date designated by US. If WE designate the Lease Payments to begin later than the Commencement Date YOU will pay an Interim Lease Payment for use of the Equipment for the period from the Commencement Date until the first Lease Payment due date calculated on the amount of the Lease Payments for the number of days in the period and a year of 360 days. Subsequent Lease Payments will be due as invoiced by US for acceptance months until the duration of the Lease Payments and any additional Lease Payments or expenses chargeable to YOU under this Lease be paid in full. YOUR obligation to pay the Lease Payments set forth herein is an absolute and unconditional and is not subject to cancellation, reduction, setoff or counterclaim. THIS LEASE IS NON CANCELABLE. If YOU are required to report the components of YOUR payments to US hereunder to certain state entities for public health coverage programs such as Medicaid, Medicaid SCHIP and others, WE will upon YOUR written request provide YOU with a detailed outline of the components of YOUR payment(s) which may include equipment software service and other related components.

3   LATE CHARGES/DOCUMENTATION FEES Whenever any Lease Payment is not made when due YOU agree to pay US within one month a late charge of five percent (5%) for each delayed payment with a minimum charge of $10.00 but only to the extent permitted by law. YOU agree to pay US a fee of $125.00 to reimburse OUR expenses for preparing financing statements other documentation costs and all ongoing administration costs during the term of this Lease.

4   DELIVERY AND ACCEPTANCE YOU are responsible at YOUR own cost for arranging for the delivery and installation of the Equipment (unless such costs are included in the cost of the Equipment to US) YOU agree to accept the Equipment when it is delivered and to sign the Equipment Acceptance supplied by US WE may at OUR discretion confirm by telephone that YOU have accepted the Equipment and this telephone verification of YOUR acceptance of the Equipment shall have the same effect as a signed Equipment Acceptance.

5   USE MAINTENANCE REPAIR SUPPLIES AND WARRANTIES WE are leasing the Equipment to YOU AS IS and WE MAKE NO WARRANTIES EXPRESS OR IMPLIED INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE WE transfer to YOU for the term of this Lease all warranties if any made by the manufacturer

YOU ALSO ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM PROVISION OR CONDITION OF THIS LEASE AND EXCEPT FOR THE MANUFACTURER WAR RANTIES MAKE ANY REPRESENTATION OR WARRANTY ABOUT THIS LEASE OR THE EQUIPMENT WE SHALL NOT BE LIABLE FOR SPECIAL RESULTING OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT OCCASIONED BY ANY BREACH OF WARRANTY OR REPRESENTATION OR RESULTING FROM THE USE OR PERFORMANCE OF THE EQUIPMENT YOUR OBLIGATION TO PAY IN FULL ANY AMOUNT DUE UNDER THE LEASE WILL NOT BE AFFECTED BY ANY DISPUTE CLAIM COUNTER CLAIM DEFENSE OR OTHER RIGHT WHICH YOU MAY HAVE OR ASSERT AGAINST THE SUPPLIER OR THE EQUIPMENT MANUFACTURER

6   TITLE PERSONAL PROPERTY LOCATION AND INSPECTION Except for Leases with a $1.00 purchase option WE will have title to the Equipment If YOU have a $1.00 purchase option and/or the Lease is deemed to be a security agreement YOU grant US a security interest in the Equipment and all proceeds therefrom YOU have the right to use the Equipment for the full Lease term provided YOU comply with the terms and conditions of this Lease Although the Equipment may become attached to real estate, it remains personal property and YOU agree not to permit a lien to be placed upon the Equipment or to remove the Equipment without OUR prior written consent If WE feel it is necessary YOU agree to provide US with waivers of interest or liens, from anyone claiming any interest in the real estate on which any item of Equipment is located WE also have the right at all rea sonable times to inspect the Equipment

7   MAINTENANCE YOU are required at YOUR own cost and expense to keep the Equipment in good repair condition and working order except for ordinary wear and tear and YOU will supply all parts and servicing required All replacement parts used or installed and repairs made to the Equipment will become OUR property

IN THE EVENT THE LEASE PAYMENTS INCLUDE THE COST OF MAINTENANCE AND/OR SER VICE BEING PROVIDED BY THE SUPPLIER AND/OR THE MANUFACTURER YOU ACKNOWLEDGE THAT WE ARE NOT RESPONSIBLE FOR PROVIDING ANY REQUIRED MAINTENANCE AND/OR SER VICE FOR THE EQUIPMENT YOU WILL MAKE ALL CLAIMS FOR SERVICE AND/OR MAINTENANCE SOLELY TO THE SUPPLIER AND/OR MANUFACTURER AND SUCH CLAIMS WILL NOT AFFECT YOUR OBLIGATION TO MAKE ALL REQUIRED LEASE PAYMENTS

8   ASSIGNMENT YOU AGREE NOT TO TRANSFER SELL, SUBLEASE ASSIGN PLEDGE OR ENCUMBER EITHER THE EQUIPMENT OR ANY RIGHTS UNDER THIS LEASE WITHOUT OUR PRIOR WRITTEN CONSENT YOU agree that WE may sell assign or transfer this Lease and if WE do the new owner will have the same rights and benefits that WE now have and will not have to perform any of OUR obligations and that the rights of the new owner will not be subject to any claims defenses or set offs that YOU may have against US

9   REDELIVERY AND RENEWAL Upon ninety (90) days written notice to US prior to the expi ration of the Lease term YOU shall advise US of YOUR intention to return the Equipment to US at the end of the Lease term Provided YOU have given such timely notice YOU shall return the Equipment freight and insurance prepaid, to US in good repair condition and working order ordinary wear and tear excepted, in a manner and to a location designated by US If YOU do fail to notify US of having not had US YOU fail to return the Equipment as provided herein this Lease shall renew for consec utive sixty (60) day periods and YOU agree to continue to make Lease Payments at the same month ly Lease Payments as set forth in the Lease subject to the right of either party to terminate the Lease upon sixty (60) days written notice In which case YOU will immediately deliver the Equipment to US as stated in this paragraph If this Equipment is returned to US YOU shall remove all patient informa tion from the Equipment prior to return.

10   LOSS OR DAMAGE YOU are responsible for the risk of loss or destruction of or damage to the Equipment No such loss or damage will ever YOU from any obligation under this Lease

11   INDEMNITY WE are not responsible for any losses or injuries caused by the installation main ufacture condition, use or operation of the Equipment YOU agree to reimburse US for and to defend US against any claim for losses or injuries relating to any of the foregoing or caused by the Equipment or due to YOUR acts or omissions. This indemnity will continue even after the termination of this Lease

12   TAXES YOU agree to pay all license and registration fees sale and use taxes personal prop erty taxes and all other taxes and charges relating to the ownership leasing rental sale purchase possession or use of the Equipment as part of the Lease Payment or as billed by US YOU agree that if WE pay any taxes or charges on YOUR behalf YOU will reimburse US for all such payments and will pay US Interest and a late charge (as calculated in Section 3) on such payments with the next Lease Payment plus a fee for OUR collecting and administering any taxes as comments or fees and remitting them to the appropriate authorities. Further YOU will indemnify US upon demand and on a net after tax basis against the loss (including receipt (s) of or inability to claim or if WE shall suffer a disallowance or deferral of as determined in good faith by US. Any Equipment ownership or lease related federal and/or state income tax benefits anticipated by US at the Commencement Date result ing from any of YOUR acts or omissions or any inaccuracy or any statements or inform ation provid ed by YOU

13   INSURANCE During the term of this Lease, YOU will keep the Equipment insured against all risks of loss or damage in an amount not less than the replacement cost of the Equipment without deductible and without co-insurance YOU will also obtain liability insurance for the term of this Lease comprehensive public liability insurance covering both personal injury and property damage of at least $150,000 per person and $300,000 per occurrence for bodily injury and $50,000 for property damage WE will be the sole named loss payee on the property insurance and named as an addition al insured on the public liability insurance YOU will pay all premiums for such insurance and must deliver proof of insurance coverage satisfactory to US If YOU do not provide such insurance YOU agree that WE have the right but not the obligation to obtain such insurance and bill as insurance fee to the amount due from YOU on which WE may make a profit

14   DEFAULT YOU are in default of this Lease if any of the following occurs a) YOU fail to pay any Lease Payment or other sum when due b) YOU breach any warranty or other obligation under this Lease or any other agreement with US c) YOU any partner or any guarantor d es YOU become in solvent or unable to pay YOUR debts when due YOU stop doing business as a going concern YOU merge consolidate transfer all or substantially all of YOUR assets YOU make an assignment for the benefit of creditors or YOU undergo a substantial deterioration in YOUR financial condition or f) YOU any guarantor or any partner voluntarily file or have filed against YOU or it involuntarily a petition for liquidation reorganization adjustment of debt or similar relief under the Federal Bankruptcy Code or any other present or future federal or state bankruptcy or insolvency law or a trustee, receiver or liquidator is appointed for YOU or at or a substantial part of YOUR or its assets

15   REMEDIES WE may declare the entire balance of the unpaid Lease Payments for the full term immediately due and payable sue for and recover all Lease Payments and any other payments then accrued or accelerated under this Lease or any other agreement plus the estimated fair market value of the Equipment at the end of the originally scheduled Term and all acce erated Lease Payments and the estimated fair market value will be discounted to the date of the default at the lesser of (i) a zero annum interest rate equivalent to that of a U S Treasury constant maturity obligation (as reported by the U S Treasury Department) that would have a repayment term equal to the remaining Lease term all as reasonably determined by US or (ii) 3% per annum but only to the extent permitted by law charge YOU interest on all monies due US at the rate of eighteen percent (18 a) per year from the date of default until paid but in no event more than the maximum rate permitted by law charge YOU a return-check or non-sufficient funds charge ( NSI Charge ) of $25.00 for a check that is returned for any reason and require that YOU return the Equipment to US and in the event YOU fail to return the Equipment enter upon the premises peaceably with or without legal process where the Equipment is located and repossess the Equipment. Such return or repossession of the Equipment will not con stitute a termination of this Lease unless WE expressly notify YOU in writing In the event the Equipment is returned or repossessed by US and unless WE have terminated this Lease WE will sell or re rent the Equipment to any persons with any terms WE determine at one or more public or pri vate, sales with or without notice to YOU and apply the net proceeds after deducting the costs and expenses of such sale or re rent to YOUR obligations with YOU remaining liable for any deficiency and with any excess being retained by US. The credit for any sums to be received by US from any such rental shall be discounted to the date of the agreement at six percent (6%) per year

YOU are also required to pay (i) all expenses incurred by US in connection with the enforcement of any remedies including all expenses of repossessing storing shipping repairing and selling the Equipment and (ii) reasonable attorneys fees

16   PURCHASE OPTION Upon expiration of the Lease term provided YOU are not in default YOU shall have the option to purchase all but not less than all of the Equipment on the terms as indi cated in the End of Lease Option section checked on Page 1 WE will use OUR reasonable judgment to determine the Equipment s fair market value for all FMV purchase options which shall be based on the Equipment remaining in place

17   SECURITY DEPOSIT Any security deposit is non interest bearing WE may apply any secu rity deposit to any amount YOU owe US In which event YOU will promptly restore any amount so applied. If YOU are not in default, any security deposit will be returned to YOU at the termination of this Lease

18   WARRANTIES YOU warrant and represent that the Equipment will be used for business pur poses and not for personal, family or household purposes

19   UCC FILINGS AND FINANCIAL STATEMENTS YOU authorize US to file a financing state ment with respect to the Equipment and grant US the right to sign such financing statement on YOUR behalf if WE feel it is necessary YOU agree to submit financial statements (audited if available) on a quarterly basis

20   UCC — ARTICLE 2A PROVISIONS YOU agree that this Lease is a Finance Lease as that term is defined in Article 2A of the Uniform Commercial Code ( UCC ) YOU acknowledge that WE have given YOU the name of the Supplier of the Equipment WE hereby notify YOU that YOU may have rights under the contract with the Supplier and YOU may contact the Supplier for a description of any rights or warranties that YOU may have under this supply contract YOU also waive any and all rights and remedies granted YOU under Sections 2A 508 through 2A 522 of the UCC

21   CHOICE OF LAW This Lease shall be deemed fully executed and performed in the Commonwealth of Pennsylvania and shall be governed and construed in accordance with the laws thereof YOU consent and agree that non exclusive jurisdiction personal of otherwise over YOU and over the Equipment may at OUR option lie with the Courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania with respect to any provision of this Lease YOU also agree to waive YOUR right to a trial by jury

22   NOTICES Written notices will be deemed to have been given when delivered personally or deposited in the United States mail postage prepaid addressed to YOU at YOUR address above and to US at OUR address set forth in OUR invoice to YOU or at any other address subsequently pro vided in writing by either party

23   ENTIRE AGREEMENT SEVERABILITY WAIVERS This Lease contains the entire agreement and understanding No agreements or understandings are binding on the parties unless set forth in writing and signed by the parties. Any provision of this Lease which for any reason may be held unen forceable in any jurisdiction shall as to such jurisdiction be ineffective without invalidating the remaining provisions of this Lease THIS LEASE IS NOT INTENDED FOR TRANSACTIONS WITH AN EQUIPMENT COST LESS THAN $1 000

Lessee Initials

©2011 All Rights Reserved. Printed in the U.S.A.  08FCHDC0412 11/11

# DELIVERY AND ACCEPTANCE

APPLICATION NUMBER  MED106784

**LESSEE**

Full Legal Name  DADE MEDICAL COLLEGE  INC                    DBA Name (If Any)

Billing Address  3401 NW 71H STREET                    Phone Number  305 644 1171 EXT 20

City  MIAMI                    County _____    Sta'e  FL    Zip Code  33125

**EQUIPMENT INFORMATION**

Equipment Location  5875 NW 163rd Street
(if not same as abve)

City  Miami Lakes                    County _____    State  FL    Zip Code  33014

| Quantity | Mocel Number | Description (Attach Schedule if Necessary) |
|---|---|---|
| | | One (1) Hologic Selenia w/ Cad preowned program Including all attachments and accessories |
| | | One (1) Accessory Cabinet |
| | | One (1) Mammographic Accreditation Phantom Including all attachments and accessories |

Lessee certifies that all of the above described Equipment leased from Lessor has been received in good condition  installed  operates properly and is  therefore  unconditionally accepted for purposes of the Lease  Lessee authorizes Lessor to pay the vendor for the Equipment

DISCLAIMER OF WARRANTIES  Lessee has selected both the Equipment and the supplier from who Lessor covenant to purchase the Equipment at Lessee s request  LESSEE ACKNOWLEDGES THAT LESSOR HAS NO EXPERTISE OR SPECIAL FAMILIARITY ABOUT  OR WITH RESPECT TO THE EQUIPMENT  LESSEE AGREES THAT THE EQUIPMENT LEASED HEREUNDER IS LEASED  AS IS  AND IS OF A SIZE  DESIGN AND CAPACITY SELECTED BY LESSEE AND THAT LESSEE IS SATISFIED THAT THE SAME IS SUITABLE FOR LESSEE'S PURPOSES AND THAT LESSOR HAS MADE NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE SUITABILITY OR DURABILITY OF SAID EQUIPMENT FOR THE PURPOSES AND USES OF LESSEE  OR ANY OTHER REPRESENTATION OR WARRANTY  EXPRESS OR IMPLIED WITH RESPECT THERETO  INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE  LESSOR FURTHER DISCLAIMS ANY LIABILITY FOR LOSS  DAMAGE OR INJURY TO LESSEE OR THIRD PARTIES AS A RESULT OF ANY DEFECTS  LATENT OR OTHERWISE IN THE EQUIPMENT WHETHER ARISING FROM THE APPLICATION OF THE LAWS OF STRICT LIABILITY OR OTHERWISE  If the Equipment is not properly installed  does not operate  as represented or warranted by the supplier and/or manufacturer  or is unsatis factory for any reason  Lessee shall make any claim on account thereof solely against the supplier and/or manufacturer and shall  nevertheless  pay Lessor all Lease Payment under this Lease and shall not set up against Lessee s obligations any such claims as a defense  counterclaim  set off or otherwise  So long as Lessee is not in breach or default of this Lease  Lessor hereby assigns to Lessee  solely for the purpose of making and prosecuting any such claim  any rights which Lessor may have against the supplier and/or manufacturer for breach of warranty or other representation respecting any item of Equipment  Any proceeds of any warranty recovery by Lessee from the supplier and/or man ufacturer of any item of Equipment shall fust be used to repair or replace the affected item of Equipment

THE LESSEE ACKNOWLEDGES THAT NEITHER THE SUPPLIER NOR ANY SALESMAN  EMPLOYEE  REPRESENTATIVE OR AGENT OF THE SUPPLIER IS AN AGENT OR REPRE SENTATIVE OF LESSOR  AND THAT NONE OF THE ABOVE IS AUTHORIZED TO WAIVE OR ALTER ANY TERM  PROVISION OR CONDITION OF THIS LEASE OR MAKE ANY REP RESENTATION OR WARRANTY WITH RESPECT TO THIS LEASE OR THE EQUIPMENT LEASED HEREUNDER  Lessee further acknowledges and agrees that Lessee  executing this Lease  has relied solely upon the terms  provisions and conditions contained herein  and any other statements  warranties or representations  If any  by the supplier or any sales man  employee  representative or agent of the supplier have not been relied upon and shall not in any way affect Lessee's obligation to make the Lease Payments and otherwise perform as set forth in this Lease

NOTICE TO LESSEE  PLEASE RETAIN THIS ACCEPTANCE WHICH IS TO BE SIGNED AND MAILED TO 1111 OLD EAGLE SCHOOL ROAD  WAYNE  PA  19087  USA AFTER THE EQUIPMENT HAS BEEN DELIVERED AND ACCEPTED

DO NOT SIGN THIS DELIVERY AND ACCEPTANCE RECEIPT UNTIL YOU HAVE ACTUALLY RECEIVED ALL OF THE EQUIPMENT SET FORTH ABOVE

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURE MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW

**LESSEE SIGNATURE**

Signatue X _____    Date  9/20/12

(LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER  PARTNER OR PROPRIETOR)

Print Name  Ernesto A Perez    Title  President & CEO

Legal Name of Corporation  DADE MEDICAL COLLEGE  INC

**OFFICE USE ONLY**

Name of Authorized person verifying
Delivery and Acceptance of Equipment

Signature of Employee
who made Telephone Verification X _____    Date of Telephone Verification _____

0B94D0GGD214

©2008 All Rights Reserved  Printed in the U.S.A. 09/00/C214  7/08

**Dickerson, JF (Julie)**

| | |
|---|---|
| **From** | Chris Gressett [cgressett@dademedical edu] |
| **Sent** | Thursday, September 20  2012 2 28 PM |
| **To** | Dickerson  JF (Julie) |
| **Cc** | Trambusti  BG (Bruno)  Martinez  David  Justin Garcia  Mariela Feijoo  Jonathan Janeiro |
| **Subject** | FW  Mammography Project Update |
| **Attachments** | Delivery and Acceptance 9 20 12 pdf |



Delivery and
Acceptance 9 20 1

Waarschuwing  PDF-spam is tegenwoordig erg in opkomst, open daarom alleen pdf-bestanden uit betrouwbare bron(nen)

Warning  PDF-spam is a rapidly emerging phenomenon, only open PDF-files from trusted sources

Julie,

Good afternoon   Please see the below email showing the mammography machine has been delivered, assembled and tested   Attached please find the Delivery and Acceptance Notice   Once you have completed the wire transfer, please send the proof of payment/confirmation   Thanks for all your help with this project

Best regards,

Chris Gressett

Chris Gressett
Chief Financial Officer
Dade Medical College, Inc
3401 N W  7th Street
Miami, FL  33125
Office  (305) 644-1171, ext  2012
Fax  (305) 644-1129
Cell  (305) 807-2149
www DadeMedical edu


-----Original Message-----
From  Ernesto Limonta [mailto ernestoit@dademedical edu]
Sent  Wednesday, September 19, 2012 8 42 PM
To  Enrique J  Lopez, Raul Mendez, Roger Lopez, Yasmin Ali, Chris Gressett, Ernesto Perez
Subject  Mammography Project Update

Team,

We just finished working along with the Hologic team configuring the software and all network connections for both, the new Mammo machine and our PACS

We tested all connections and successfully sent sample studies to our PACS at Corp and also to Dr Sais (Reading Radiologist)

The only thing pending in regards to network connectivity is the printer and it should be completed once it arrives this Friday afternoon or Monday

Regards,

Ernesto Limonta
Director of Information Technology

1

# BILLING INSTRUCTIONS

In order that we may serve you better please complete the following and return along with your enclosed documents

**Billing Address**
Please include the person's name who should receive the invoice  mail stop  PO  Box #  and complete zip code

Dade Medical College, Inc.
Attn: Accounts Payable Dept.
3402 NW 7th Street
Miami, FL 33125

**Purchase Order No**   *12-1478*
Your accounts payable group may need us to reference a Purchase Order number to process invoices

**A/P Contact Name**   *Mark Marzouca*
For billing inquiries  it may be necessary for us to know who will be processing invoices

**A/P Phone #**   *(305) 644-1171 x 2029*

**Is your company tax exempt?**   ☑ Yes   ☐ No
If yes  please attach a copy of the tax exemption certificate

**Electronic Invoicing**
Would you like to have your invoices emailed to you? It can reduce delivery time by an average of 5 days  If you wish to elect this option  please provide up to three address(es) below

*N/A*

_____

_____

Please note that you will not receive a paper invoice through the US mail once you are set up on email electronic invoicing which may take one billing cycle

©2010 All Rights Reserved  Printed in the U.S.A.  10HCDDC258  6/10

10HCDDC258

*Simena Rodriguez*

365 7880

365 7880

# BLANKET INSURANCE AUTHORIZATION

| LESSEE INFORMATION | | | |
|---|---|---|---|
| Full Legal Name | | | |
| DADE MEDICAL COLLEGE, INC | | | |
| Billing Address | | Phone | |
| 3401 NW 7TH STREET | | 305 844 1171 EXT 2012 | |
| City | State | Zip Code | |
| MIAMI | FL | 33125 | |

| INSURANCE CONTACT | | | |
|---|---|---|---|
| Insurance Company ✓ | *Aspen Specialty Insurance Co* | | |
| Name of Agent ✓ | *Brown & Brown of Florida, Inc* | | |
| Address ✓ *14900 NW 79th Ct, Suite 200* | Phone *(305)719 4915* | Fax *(305) 719-4901* | |
| City ✓ *Miami, Lakes* | State *FL* | Zip Code ✓ *33016* | |

Lessee has entered into a Master Lease Agreement ( Master Lease ) with <u>De Lage Landen Financial Services, Inc.</u> a Michigan corporation having a mailing address of 1111 Old Eagle School Road Wayne Pennsylvania 19087 ( Lessor") pursuant to which Lessee will from time to time lease various items of equipment and personal property ("Equipment ) under one or more Master Lease Schedules (each a Lease Schedule ) ACCORDING TO THE TERMS OF THE MASTER LEASE LESSEE MUST OBTAIN AND MAINTAIN DURING THE TERM OF EACH LEASE SCHEDULE INSURANCE POLICY(IES) WHICH PROVIDE ALL RISK INSURANCE COVERAGE INCLUDING THEFT FOR THE EQUIPMENT WHICH NAMES LESSOR AS LOSS PAYEE AND COM PREHENSIVE PUBLIC LIABILITY INSURANCE COVERAGE WHICH NAMES LESSOR AS AN ADDITIONAL INSURED WITH COMBINED SINGLE LIMIT OF NOT LESS THAN TWO MILLION ($2 000 000 00) PER OCCURRENCE ( REQUIRED INSURANCE ) Lessee hereby irrevocably directs and authorizes Lessor to contact the above-referenced Insurance Company and/or Agent to obtain the Required Insurance on behalf of Lessee and at Lessees sole expense Lessee hereby directs and authorizes Insurance Company and/or Agent to comply with the requests and directions given by Lessor with respect to the Required Insurance for all Lease Schedules

If Lessee is a doctor hospital or other health care provider please include evidence of medical malpractice insurance <u>De Lage Landen Financial Services, Inc.</u> must also be notified of cancellation or material modification at least sixty (60) days in advance

| LESSEE SIGNATURE | | | |
|---|---|---|---|
| Signature ✓ | | Date *9/10/12* | |
| Print Name ✓ *Ernesto A Perez* | Title *President & CEO* | | |
| For | | | |
| DADE MEDICAL COLLEGE INC | | | |

©2007 All Rights Reserved Printed in the U.S.A. 07IICDOC164 11/07

07HCDOC164

# Exhibit B



Dilworth
Paxson LLP

DIRECT DIAL NUMBER:
(215) 575-7326

Matthew Faranda-Diedrich
mfd@dilworthlaw.com

August 6, 2014

VIA US CERTIFIED MAIL/RRR AND US REGULAR MAIL

Ernesto A. Perez - President and CEO
**Dade Medical College, Inc.**
95 Merrick Way
Suite 700
Coral Gables, FL  33134

Ernesto A. Perez - President and CEO
**Dade Medical College, Inc.**
5875 NW 163rd Street
Miami Lakes, FL  33014

RE:   De Lage Landen Financial Services, Inc. / Dade Medical College, Inc.
Lease Agreement / Demand for Payment

Dear Mr. Perez:

This office represents De Lage Landen Financial Services, Inc. ("DLL") in the above-referred matter.

Reference is made to Lease Agreement dated September 21, 2012, No. 25198172 between Dade Medical College, Inc. ("Dade Medical") and De Lage Landen Financial Services, Inc. (the "Lease Agreement"). Dade Medical agreed to make sixty (60) monthly payments of $2,470, excluding applicable taxes and fees.

Pursuant to the Lease Agreement, Dade Medical also granted DLL a security interest in all of the assets listed more particularly in the Lease Agreement (the "Collateral"). Dade Medical is in default of the Lease Agreement as Dade Medical has failed to pay amounts due DLL under the Lease Agreement. **As of this date, Dade Medical owes DLL $102,448.51 pursuant to the Lease Agreement. Demand is hereby made for the immediate payment of the above sums and for the immediate return of the Collateral.** Please contact me to immediately make arrangements for payment of the sums demanded herein and for return of the Collateral. If payment is not made as demanded herein or if the Collateral is not immediately returned, DLL may take legal action to protect its interests.

Nothing in this letter shall be deemed as limiting or waiving any of DLL's rights and/or remedies under state, federal or local law against you in connection with Dade Medical's conduct, all such rights and/or remedies, whether at law or in equity, being expressly preserved.

Very truly yours,

Matthew Faranda-Diedrich

cc:     C. Lawrence Holmes, Esquire

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

MFD

26759-
00071

Sent To   Ernesto Perez
Street, Apt. No.; or PO Box No.   95 Merrick Way  St. 700
City, State, ZIP+4   Coral Gables, Fl 33134

PS Form 3800, August 2006

7012 3460 0003 7688 3620

CERTIFIED MAIL

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ernesto Perez
Dade Medical College
95 Merrick Way - St. 700
Coral Gables Fl 33134

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 3460 0003 7688 3620

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ernesto Perez
DADe MeD. College
5875 NW 143rD St.
Miami, LAKes Fl 33014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

7012 3460 0003 7688 3637

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

MFD-

Postmark
Here

26759-
0007l

Sent To: Ernesto Perez
Street, Apt. No.; DADe MeD. 5875 NW 143
or PO Box No.
City, State, ZIP+4 Miami LAKes Fl 33014

PS Form 3800, August 2006                    See Reverse for Instructions

7012 3460 0003 7688 3637

## UNITED STATES DISTRICT COURT

**APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1111 Old Eagle School Road, Wayne, Treddyfrin Twp., Chester County, PA 19087

Address of Defendant: 95 Merrick Way, Suite 700, Coral Gables, FL 33134

Place of Accident, Incident or Transaction: 95 Merrick Way, Suite 700, Coral Gables, FL 33134

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☑

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Matthew Faranda-Diedrich, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

*N/A*

DATE: 8/19/14    Matthew Faranda-Diedrich    203541

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/19/14    Matthew Faranda-Diedrich    203541

Attorney-at-Law    Attorney I.D.#

CIV. 609 (9/99)

**IN THE UNITED STATES DISTRICT COURT**    **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | | |
|---|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | CIVIL ACTION | |
| | : | | |
| v. | : | | |
| DADE MEDICAL COLLEGE, INC. | : | | |
| | : | NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. (☒)

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( )

8/19/2014                                 Matthew Faranda-Diedrich

**Date**
                                           **Attorney-at-law**

                                           Plaintiff

                                           **Attorney for**

(Civ. 660) 7/95